## MORRIS *v.* KEMPSHALL MANUF'G CO.

(*Circuit Court, D. Connecticut.* April 30, 1884.)

PATENT—SASH-FASTENER—INFRINGEMENT.

Patent No. 212,487 issued to Morris for an improved sash-fastener, the characteristic features of which are the elevated notched plate and hinged pendant, is not infringed by the subsequent patent issued to Sparks having a notched flange at the top of the pivotal post above the sweep and pivoted latch.

In Equity.

*S. D. Cozzens,* for plaintiff.

*Charles E. Mitchell,* for defendant.

SHIPMAN, J. This is a bill in equity which is brought, under section 4918 of the Revised Statutes, by the patentee and owner of letters patent, No. 212,487, dated February 18, 1879, to John B. Morris for an improvement in fasteners for the meeting rails of sashes, and which seeks relief against the alleged interference of a subsequent patent. The junior patent was issued to the defendant, as assignee of William Sparks, on September 4, 1883. The defendant has demurred to the bill, and the question is whether the junior patent on its face interferes with, or claims in whole or in part, the same invention which is claimed in the first claim of the senior patent. The Morris device consists of a plate, without any projection above the general level of the plate-top, upon the surface of which the latch-bar swings, and which has upon its front edge a rectangular notch, $c'$, to receive and retain the pivoted handle, H, of the latch-bar, and upon its right side and upon its edge another sloping jog, $c''$, to receive and retain the handle when the bar is in its open position, and upon its left side another jog, $c'''$, to receive a projection from the under side of the latch-bar. This projection limits the swing of the bar. The bar is pivoted upon a pivot, E. The plate is called an elevated plate, and is sufficiently high to afford room for the jogs, $c'$ and $c''$, and to enable the handle to swing clear of the sash rail. The first claim is as follows:

"The improved sash lock or fastening, consisting of the elevated plate, C, having shouldered notches, $c'$, $c''$, $c'''$, pivot, E, for swinging latch-bar, F, $f$, and the hinged pendant, H, for attachment to the lower sash, in combination with a stationary spur or cam-hook upon the upper sash, substantially as set forth."

The important portion of the Sparks invention is a flange or cap, which is preferably made integral with the post upon which the sweep is pivoted, and which "is provided with two shoulders or notches, $k$, made in the edge of the flange." When the sweep is brought to the front the handle end of its latch, which is heavy enough to overbalance the inner end of the latch, causes the latch to drop, and thereby the inner end is raised into engagement with one of the shoulders, and the sweep is locked. The invention consists, in substance, of the pivoted latch of the sweep, which locks into notches in the edge of the flange at the top of the post upon which the sweep is pivoted and above the sweep.

The language of the first claim of the Morris patent may be broad enough to include the Sparks fastener, but the elevated plate and the pendant of the Morris fastener are not the notched flange at the top of the post above the sweep and the pivoted latch of the Sparks fastener.

The demurrer is sustained.